The Honorable Robert Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST PIPELINE CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>DAVID L. ROSS and DEBRA L. ROSS, husband and wife, and the martial community composed thereof, *et al*.<br><br>Defendants. | No. CV 05-1605 L<br><br>AMENDED ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF<br><br>Note on Motion Calendar: October 14, 2005 |

THIS MATTER came before the Court for hearing on Plaintiff's Motion for Preliminary Injunctive Relief. Now having reviewed the following pleading:

1.  Plaintiff Northwest Pipeline Corporation's Motion for Preliminary Injunctive Relief

2.  Declaration of J. Scott Long in Support of the Motion and exhibits attached thereto

3.  Declaration of Timothy L. Powell in Support of the Motion and exhibits attached thereto

4.  Declaration of John B. Davis in Support of the Motion and exhibits attached thereto

5.  Declaration of Rodney P. Gregory in Support of the Motion and exhibits attached thereto

AMENDED [PROPOSED] ORDER
GRANTING PLAINTIFF'S MOTION - 1

K:\40104\00020\AAM\AAM_P210E

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

6. Defendant Ross's Opposition to Northwest's Motion for Preliminary Injunctive Relief Granting Possession

7. Declaration of Dennis J. Dunphy in Opposition to Northwest's Motion for Preliminary Injunctive Relief and exhibits attached thereto

8. Declaration of David L. Ross in Opposition to Northwest's Motion for Preliminary Injunctive Relief and exhibits attached thereto

9. Northwest's Reply in Support of Its Motion for Preliminary Injunctive Relief

10. Declaration of Alina A. McLauchlan in Support of the Reply and exhibits attached thereto.

11. Supplemental Declaration of J. Scott Long in Support of the Reply

12. Declaration of Rex Johnson in Support of the Reply

13. All other papers and pleadings filed in this matter

And the Court having heard any argument of counsel, the Court hereby find and concludes as follows:

**FINDINGS OF FACT**

1. The proposed Capacity Replacement Project is scheduled to start on October 17, 2005 so that maximum opportunity is given to Northwest to succeed at three horizontal direction drills ("HDDs") under three water bodies (the Nooksack, the North Fork of the Stillaguamish and the South Fork of the Stillaguamish). This Project is designed to replace the capacity of Northwest's 26-inch pipeline, which runs north to south through the state along the I-5 corridor. This pipeline must be retired pursuant to an order from the United States Department of Transportation's Office of Pipeline Safety.

2. The FERC Order Authorizing Abandonment and Issuing Certificate (the "FERC" Order") found that public convenience and necessity required that the Project be built

AMENDED [PROPOSED] ORDER
GRANTING PLAINTIFF'S MOTION - 2

K:\40104\00020\AAM\AAM_P210E

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

to ensure that Northwest can comply with current safety and operating standards while maintaining the capability to meet its customer commitments.

3. The easements and other property interests Northwest described in the Complaint in the above captioned matter relating to Ross, Crabtree and the Bureau of Indian Affairs are necessary to attempt the HDDs this fall. Northwest needs immediate possession and use of these property rights to move forward with construction of the Project as approved in the FERC Order.

4. Immediate possession and use of the property rights will not prejudice Defendants' right to just compensation for the property rights Northwest seeks to acquire in the condemnation action.

5. If injunctive relief is not granted the HDDs cannot be attempted in time to ensure maximum opportunity for success and failure to grant this relief would jeopardize Northwest's ability to build the Project in time to provide the necessary supply of natural gas by the time the 26-inch pipeline is retired on December 18, 2006.

**CONCLUSIONS OF LAW**

6. This Court has jurisdiction over defendants and the subject matter of this action.

7. Plaintiff has provided defendants with appropriate notice of this motion or has made every effort to provide appropriate notice of this motion to defendants.

8. Because waiting until after a trial to determine just compensation for each property interest would prevent Northwest from starting the HDDs this fall as contemplated in the FERC Order and could prevent Northwest from completing construction of the Project on time, preliminary injunctive relief granting immediate use and possession is appropriate.

9. Northwest has the right to condemn the property interests described herein under the FERC Order and the Natural Gas Act.

10. Defendants defenses and arguments against preliminary injunction relief are

AMENDED [PROPOSED] ORDER
GRANTING PLAINTIFF'S MOTION - 3

K:\40104\00020\AAM\AAM_P210E

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

unavailing and these defenses are not likely to succeed on the merits; there is a strong likelihood that Plaintiff will succeed on the merits of its claims.

11. Based on the Findings and Conclusions set forth above, the Court concludes that there is a strong likelihood that Plaintiff has the right to condemn the property interests set forth in the Complaint and there is a very substantial risk of irreparable harm to the Plaintiff, the pipeline users, and to the public interest if possession is not granted.

## ORDER OF PRELIMINARY INJUNCTION

Now, therefore, based on these findings and conclusions, it is hereby ORDERED as follows:

A. Plaintiff's motion for preliminary injunction is GRANTED; and

B. Plaintiff is entitled to immediate possession of all easements and other property interests as described in the Exhibits attached to this Order filed herewith and all attachments thereto as to Defendants Ross (Exhibits A-1, A-2, A-3, B-1, B-2 and B-3), Crabtree (Exhibits C-1 and C-2), BIA and allottees (Exhibits D-2, D-3, E-2, E-3, F-2 and F-3).

C. Northwest shall be entitled to possession of those easements and other property interest immediately upon posting a bond in the amount of its highest written offer to Defendants. Therefore, a bond must be posted in the amount of $167,291.80.[1] In accordance with the terms and conditions of FRCP 71A(j), the parties shall be liable for any different amount that may be determined to constitute just compensation.

DONE IN OPEN COURT this 14th day of October, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] The highest written offer to Ross is $55,582.64. The highest written offer to Crabtree is $4,683.16. The highest written offer to the BIA and allottees for the three parcels is as follows: $42,600.00, $42,084.00 and $22,342.00.

AMENDED [PROPOSED] ORDER
GRANTING PLAINTIFF'S MOTION - 4

K:\40104\00020\AAM\AAM_P210E

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1

2

3  Presented by:

4  PRESTON GATES & ELLIS LLP

5

6  By_____
    Kimberly W. Osenbaugh, WSBA # 5307
    Alina A. McLauchlan, WSBA # 31576

7  Attorneys for Plaintiff
Northwest Pipeline Corporation

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

AMENDED [PROPOSED] ORDER
GRANTING PLAINTIFF'S MOTION - 5

K:\40104\00020\AAM\AAM_P210E

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022