1

2

3

4

5

6
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
7
AT SEATTLE

8
_____

9   NORTHWEST PIPELINE CORPORATION, )
)
)                    No. C05-1605RSL
10                              Plaintiff,        )
v.                         )
11                                            )   ORDER GRANTING IN PART AND
DAVID L. ROSS and DEBRA L. ROSS, *et al.*, )   DEFERRING IN PART PLAINTIFF'S
12                                            )   MOTION IN LIMINE
)
13                            Defendants.     )
_____)

14

15                          **I.  INTRODUCTION**

16          This matter comes before the Court on "Northwest's Motions In Limine" (Dkt. #334).  In

17   this condemnation action, plaintiff Northwest Pipeline Corporation ("NWP" or plaintiff)

18   amended an existing right-of-way contract and condemned a new easement for the installation of

19   a natural gas pipeline under defendants Deborah and David Ross' property.  The issue remaining

20   for trial, is the amount of just compensation owed to defendants.  Having reviewed the

21   memoranda, declarations, and exhibits submitted by the parties, and the remainder of the record,

22   the Court finds and rules as follows:

23                          **II.  DISCUSSION**

24          Plaintiff moves in limine to exclude:  (1) evidence of the amount of any third party

25   purchase offers to defendants; (2) evidence of the amount of plaintiff's settlement offers to

26   ORDER GRANTING IN PART AND DEFERRING
IN PART PLAINTIFF'S MOTION IN LIMINE

1  defendants; and (3) evidence of offers made by plaintiff to other property owners included in the

2  capacity replacement project.  For clarity, the Court discusses these issues separately, below.

3      **1.    Third party offers**

4      Plaintiff moves to exclude evidence of the "amount" of any third party purchase offers.

5  See Dkt. #334 at 2.  In response, defendants "concede[] that the 'amount' of an offer which did

6  not result in an actual purchase could be properly excluded" but contend that "evidence of offers

7  or expressions of interest by third parties which are tied to a recognition of the existence of the

8  property's gravel resources should be permitted."  See Dkt. #348 at 2.  In reply, plaintiff argues

9  that all evidence concerning third party offers should be excluded as unreliable.  See Dkt. #353

10  at 2.

11      A leading eminent domain authority provides the following guidance regarding the

12  admissibility of third party offers:

13      Genuine offers to purchase made by private parties are admissible to establish the
fair market value of the condemned property if they are made under oath and

14  subject to cross-examination.  However, other courts have found that offers to
purchase that are made in good faith, within a reasonable time in the relation to the

15  condemnation, and with the intention and ability to carry out the transaction if the
offer is accepted, are admissible as direct and independent evidence of value (so

16  long as the offer was not made by the condemnor).  Offers received subsequent to
the filing of the condemnation petition have been found inadmissible on the

17  grounds that they are neither genuine nor bona fide.  Where the purpose of the
introduction of offers to purchase is only to show that there is a demand for the

18  property for a special purpose, this evidence is admissible insofar as it will prove
that offers were made.

19
20  5 J. Sackman, Nichols on Eminent Domain § 21.03[2] (rev. 3d ed. 2000) (emphasis added).  At

21  this stage of the proceeding, the Court has no information about the nature and timing of the

22  third party offers or whether defendants intend to introduce this evidence through testimony

23  from the third party offerors or by exhibit.[1]  In ruling on a motion in limine, the Court must

24      [1] In their filings, the parties have not explained whether any difference between state and federal

25  law affects the admissibility of third party offers on the issue of just compensation.  See, e.g., Portland
Natural Gas Transmission Sys. v. 19.2 Acres of Land, 318 F.3d 279, 282 n.1 (1st Cir. 2003) ("The

26  ORDER GRANTING IN PART AND DEFERRING
IN PART PLAINTIFF'S MOTION IN LIMINE

-2-

decide the merits of introducing a piece of evidence or allowing testimony without the benefit of the context of a trial.  For this reason, Fed. R. Evid. 103 empowers the court to make "a definitive ruling on the record admitting or excluding evidence, either <u>at or before trial</u>."  Fed. R. Evid. 103(a) (emphasis added).  Here, given the facts of the case, the Court concludes that the admissibility of third party purchase offers is best resolved at trial, rather than in limine.  Accordingly, the Court DEFERS ruling on whether evidence of third party offers is admissible until the time of trial.  At the April 29, 2008 pretrial conference, the parties may also clarify the nature and scope of this material.

### 2.     Settlement discussions between the parties

Plaintiff moves in limine under Fed. R. Evid. 408 to exclude evidence of the amount of its settlement offers to defendants.  <u>See</u> Dkt. #334.  In response, defendants do not dispute that evidence of the amount of the settlement offers is inadmissible, but contend that Mr. Ross should be allowed to testify "about his clear and consistent recognition regarding the inherent contribution of the existence of the gravel resource to the value of the real property."  Dkt. #348 at 3.  In reply, plaintiff confirms that it "has neither expressly nor implicitly argued that gravel mining operations never were contemplated by Ross."  Dkt. #353 at 2.  This affirmation mitigates defendants' concern about their ability to present evidence regarding their pre-suit belief about the property's value as a gravel resource.  Therefore, the Court GRANTS plaintiff's motion to exclude evidence regarding settlement offers under Fed. R. Evid. 408.  However, should plaintiff argue at trial that defendants did not contemplate gravel mining on the property

federal eminent domain statute involved here provides that 'the practice and procedure in any action or proceeding for [eminent domain] in the district court of the United States shall conform as nearly as may be with the practice and procedure in similar action or proceeding in the courts of the State where the property is situated.  15 U.S.C. § 717f(h).  Perhaps surprisingly, several circuits have read the phrase 'practice and procedure' to encompass state substantive law as well as formal practice.  <u>See, e.g.</u>, <u>Columbia Gas Transmission Corp. v. Exclusive Natural Gas Storage Easement</u>, 962 F.2d 1192, 1194-99 (6th Cir. 1992).").

ORDER GRANTING IN PART AND DEFERRING
IN PART PLAINTIFF'S MOTION IN LIMINE

before the lawsuit was filed, defendants will be granted leave to revisit this ruling with the Court.

### 3.    Plaintiff's negotiations and agreements with third parties

Finally, plaintiff moves in limine under Fed. R. Evid. 408 and Washington and Ninth Circuit authority to exclude evidence of offers and purchases with other property owners in the capacity replacement project. See Dkt. #334 at 3.  In response, defendants contend that because plaintiff asserted in this proceeding that the 75-foot right of way amendment reduces its property rights, defendants should be allowed to introduce evidence of settlements with other property owners where plaintiff paid for this right. See Dkt. #348; Dkt. #349 (Dunphy Decl.) at Ex. D. Defendants' argument, however, is an unsuccessful attempt to circumvent Fed. R. Evid. 408.  As the advisory committee notes to Rule 408 explain:  "While the rule is ordinarily phrased in terms of offers of compromise, it is apparent that a similar attitude must be taken with respect to completed compromises when offered against a party thereto.  This latter situation will not, of course, ordinarily occur except when a party to the present litigation has compromised with a third person." Fed. R. Evid. 408 advisory committee's note (1972).  This reasoning applies with equal force in the context of this condemnation proceeding. See United States v. 10.48 Acres of Land, 621 F.2d 338, 339 (9th Cir. 1980) ("The price paid by a condemnor in settlement of condemnation proceedings or in anticipation of such proceedings is inadmissible to establish value of comparable land as such payments are in the nature of compromise to avoid the expense and uncertainty of litigation and are not fair indications of market value.") (citation and internal quotation marks omitted).  It is the same in this case.  Defendants will not be permitted to use evidence of plaintiff's settlements with other property owners in the capacity replacement project as a means to prove just compensation in this case.  Therefore, the Court GRANTS plaintiff's motion in limine to exclude evidence of offers made by plaintiff to other property owners included in the capacity replacement project.

ORDER GRANTING IN PART AND DEFERRING
IN PART PLAINTIFF'S MOTION IN LIMINE

1

### III. CONCLUSION

2      For all of the foregoing reasons, the Court GRANTS IN PART and DEFERS IN PART

3  "Northwest's Motions In Limine" (Dkt. #334).

4

5      DATED this 22nd day of April, 2008.

6

7

8                                      _Robert S. Lasnik_
                                       Robert S. Lasnik
                                       United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26